IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-60338
Summary Calendar
_____


STEPHANIE CAESAR,

Plaintiff-Appellant,

versus

JESSE BROWN, Secretary,
Department of Veteran Affairs,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Mississippi
(3:95-CV-460LN)
_____
November 11, 1996
Before GARWOOD, JOLLY, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Stephanie Caesar filed this action against Jesse Brown, Secretary of the Department of Veteran's Affairs alleging that she was discriminated against by the Veteran's Administration (the "VA") in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. (West 1995). Caesar's charge arose from

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

the termination of her work-study assignment with the VA.

The VA filed a motion to dismiss, and Caesar failed to respond. The district court subsequently granted the motion to dismiss, holding that the complaint did not state an actionable claim under the ADA.

Caesar appeals, asserting that the dismissal was erroneous and that she is entitled to relief under either the ADA or the Rehabilitation Act. Notably, the Rehabilitation Act was not mentioned in the complaint.

Caesar's complaint did not state a viable claim under the ADA. She attempts to bring this action against an agency of the United States. This is clearly prohibited by the ADA by virtue of its exclusion of the United States from the definition of "employer," 42 U.S.C.A. § 12111(5)(B)(I) (West 1995), and, therefore, the definition of "covered entity," 42 U.S.C.A. § 12111(2) (West 1995), as used below:

> [n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C.A. § 12112(a) (West 1995). Clearly, the ADA is not intended to provide redress for allegedly discriminatory acts by government agencies. Such relief is provided through other channels, such as Title VII and the Rehabilitation Act. This

action, therefore, was properly dismissed because the complaint alleges only an ADA violation, and Caesar can demonstrate no set of facts that will bring her claim against the VA within the scope of the ADA.

On appeal, Caesar asserts that relief might be warranted under the Rehabilitation Act. This alternative ground of recovery was not advanced prior to the appeal, and there is no indication that Caesar moved for leave to amend her complaint to include such a claim. Furthermore, Caesar filed an EEOC charge stemming from the same occurrence. The charge resulted in the issuance of a final decision from the agency. Caesar filed an appeal with the EEOC, then, within the mandatory 180-day waiting period, filed this complaint. See 29 C.F.R. § 1614.408(d). She, therefore, could not have asserted a claim under Title VII and the Rehabilitation Act for employment discrimination, because, at the time of the filing of this complaint, she had not exhausted her administrative remedies.

The district court properly dismissed the complaint filed by Caesar for failure to state a claim upon which relief could be granted, and the judgment is

A F F I R M E D.